**LAQUER, URBAN, CLIFFORD & HODGE LLP**
Michael Y. Jung, State Bar No. 245260
   Email:  mjung@luch.com
225 South Lake Avenue, Suite 200
Pasadena, California 91101-3030
Telephone: (626) 449-1882
Facsimile: (626) 449-1958

Counsel for Plaintiffs, Trustees of the
Operating Engineers Pension Trust, et al.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST, TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST, TRUSTEES OF THE OPERATING ENGINEERS LOCAL 12 DEFINED CONTRIBUTION TRUST, ENGINEERS CONTRACT COMPLIANCE COMMITTEE FUND, and SOUTHERN CALIFORNIA PARTNERSHIP FOR JOBS FUND,<br><br>       Plaintiffs,<br><br>  vs.<br><br>WILCO ENGINEERING., INC., a California corporation,<br><br>       Defendant. | CASE NO.:  2:19-cv-8524<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT AND VIOLATION OF ERISA § 515 [29 U.S.C. § 1145]** |

Plaintiffs TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST, TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST, TRUSTEES OF THE OPERATING ENGINEERS LOCAL 12 DEFINED CONTRIBUTION TRUST, ENGINEERS CONTRACT COMPLIANCE COMMITTEE FUND, and SOUTHERN CALIFORNIA PARTNERSHIP FOR JOBS FUND complain and allege:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this case pursuant to section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. § 1132(e)(1)], which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to section 502(a)(3) of ERISA [29 U.S.C. § 1132(a)(3)], to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA.  Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in section 502(f) of ERISA [29 U.S.C. § 1132(f)].

2. This Court also has jurisdiction of this case pursuant to section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C. § 185(a)], which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to section 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)], and section 301(a) of the LMRA [29 U.S.C. § 185(a)], in that this is the district in which the Plaintiffs' Trusts (defined below) are administered, the signatory union maintains union offices, and where the contractual obligation is to be paid.

4.  To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

## PARTIES

5.  Plaintiffs, Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust, Trustees of the Operating Engineers Training Trust, and Trustees of the Operating Engineers Local 12 Defined Contribution Trust (collectively, the "Trustees"), are the trustees of five express trusts (collectively, the "Trusts") created pursuant to written declarations of trust (the "Trust Agreements") between the International Union of Operating Engineers, Local Union No. 12 ("Local 12"), and various multiemployer associations in the construction industry in Southern California and Southern Nevada.  The Trusts are now, and were at all times material to this action, labor-management multiemployer trusts created and maintained pursuant to section 302(c)(5) of the LMRA [29 U.S.C. § 186(c)(5)].  The Plaintiffs, as trustees of the Trusts, are "fiduciar[ies]" with respect to the Trusts as defined in section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)].  Plaintiff, Engineers Contract Compliance Committee Fund is established by Local 12 in accordance with Section 6(b) of the Labor Management Cooperation Act of 1978 in order to improve job security and organizational effectiveness.  Plaintiff, Southern California Partnership for Jobs Fund is an industry-wide advancement fund established by the employers and Local 12.  Collectively, all plaintiffs are referred to herein as the "Plaintiffs."

6.  At all times material herein, Local 12 has been a labor organization representing employees in the building and construction industry in Southern California and Southern Nevada, and a labor organization representing employees in an industry affecting commerce within the meaning of § 301(a) of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)].

///

///

1387600

7. At all times material herein, defendant Wilco Engineering, Inc. ("Wilco"), has been a corporation duly organized and existing by virtue of the laws of the State of California with its principal place of business located in Goleta, California.

## BARGAINING AGREEMENT AND STATUS OF PARTIES

8. On or about December 10, 2018, Wilco executed and delivered a written collective bargaining agreement (the "Agreement") to Local 12, whereby Wilco agreed to be bound by the terms and conditions, with certain exceptions, of certain written and existing collective bargaining agreements between various multiemployer associations and Local 12. In particular, Wilco agreed to be bound by the written Master Labor Agreement ("Master Agreement") in effect between Local 12 and the Southern California Contractors Association, Inc. ("Association"). The Agreement provides that Wilco shall be bound by the incorporated Master Agreement and any renewals or extensions thereto. The Master Agreement further provides that Wilco shall continue to be bound by the Master Agreement on a year to year basis after its expiration. On or about December 10, 2018, Wilco also signed written acknowledgments and acceptances of each of the Trust Agreements.

9. At all times since at least December 10, 2018, the Master Agreement has been an effective written collective bargaining agreement between the Association and Local 12. At all times relevant herein, Wilco was and is obligated to the terms and provisions of the Agreement, Master Agreement, and related Trust Agreements.

10. Wilco is an "*employer*," as that term is understood in the Master Agreement and related Trust Agreements.

11. Wilco is an "*employer*" as defined and used in section 3(5) of ERISA [29 U.S.C. § 1002(5)], and therefore, Wilco is "*obligated to make contributions to a multiemployer plan*" within the meaning of section 515 of ERISA [29 U.S.C. § 1145]. Plaintiffs are informed and believe, and thereon allege, that Wilco is also an "*employer*" engaged in "*commerce*" in an "*industry affecting commerce*," as those terms are defined and used in sections 501(1) and 501(3) of the LMRA [29 U.S.C. §

142(1) and § 142(3)], and within the meaning and use of section 301(a) of the LMRA [29 U.S.C. § 185(a)].

## FIRST CLAIM FOR RELIEF

**Breach of Written Collective Bargaining Agreement and Violation of § 515 of ERISA [29 U.S.C. § 1145]**

12.  Plaintiffs hereby incorporate by reference paragraphs 1 through 11 above to the same effect as if set forth here verbatim.

13.  Section 515 of ERISA [29 U.S.C. § 1145], provides *"[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."*

14.  Wilco is an *"employer"* as defined and used in § 3(5) of ERISA [29 U.S.C. § 1002(5)], and is *"obligated to make contributions to a multiemployer plan"* within the meaning and use of section 515 of ERISA [29 U.S.C. § 1145].

15.  By the terms and provisions of the Master Agreement and related Trust Agreements, and at all times material herein:

   A.  Wilco agreed to prepare and submit true, complete and accurate written monthly contribution reports ("Monthly Reports") to Plaintiffs on a timely basis showing the identities of its employees performing work covered by the Master Agreement, the number of hours worked by or paid to these employees, and based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions due for such employees. The Monthly Reports are either submitted in hard copy or electronically through an online reporting portal;

   B.  At all times material herein, Wilco has been obligated to submit its Monthly Reports and pay its contributions to Plaintiffs at Plaintiffs' administrative offices in Pasadena, California, on or before the 10th day of each successive month;

///

C.  Wilco agreed to permit Plaintiffs and their agents to conduct audits of payroll and related records in order to determine if fringe benefit contributions have been properly paid pursuant to the Master Agreement and related Trust Agreements; and

D.  Wilco agreed to pay to Plaintiffs fringe benefit contributions, benefits and/or withholdings on a monthly basis, and at specified rates for each hour worked by, or paid to, applicable employees.  These amounts are due and payable at Plaintiffs' administrative offices in Pasadena, California.

16.  Wilco failed to submit Monthly Reports to Plaintiffs reflecting work performed by Wilco's employees during the months of December 2018 through August 2019 in violation of the Master Agreement and Trust Agreements, and its statutorily-mandated obligation under section 515 of ERISA [29 U.S.C. § 1145], to timely report and pay fringe benefit contributions to Plaintiffs pursuant to the Master Agreement and related Trust Agreements for that work.  As a result of Wilco's failure to submit Monthly Reports, the amount of fringe benefit contributions owed to Plaintiffs is presently unknown but will be established by proof.

17.  Wilco also failed to comply with Plaintiffs' request to conduct an audit of its records, which also represents a violation of the Master Agreement, Trust Agreements, ERISA in and of itself.

18.  Plaintiffs are informed and believe, and thereon allege, that Wilco has failed to pay certain additional amounts of fringe benefit contributions not presently known to Plaintiffs.  These additional amounts will be established by proof.

19.  Wilco is a "*delinquent*," as that term is used in the Master Agreement and related Trust Agreements.

20.  Plaintiffs are informed and believe, and thereon allege, that there is no legal excuse for Wilco's breach of its obligations under the Master Agreement and related Trust Agreements in violation of section 515 of ERISA [29 U.S.C. § 1145].

///

21. Wilco has failed to pay contributions owed to Plaintiffs, accruing since at least December 2018. Pursuant to the Master Agreement, Wilco agreed that in the event Wilco failed to pay or to timely pay fringe benefit contributions or otherwise comply with the terms and provisions of the Master Agreement and related Trust Agreements, Wilco would be considered delinquent with Plaintiffs and would pay Plaintiffs the greater of $25.00 per month or ten percent (10%) of the total amount then due as liquidated damages for each delinquency.

22. Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the plan, the Court shall award the plan:(i) the unpaid contributions, (ii) interest on the unpaid contributions, (iii) an amount equal to the greater of (a) interest on the unpaid contributions or (b) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court to be unpaid contributions, (iv) reasonable attorneys' fees and costs, and (v) such other legal or equitable relief as the Court deems appropriate. For purposes of section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], interest on unpaid contributions shall be determined by using the rate provided under the plan or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621.

23. Pursuant to the written Operating Engineers Trust Funds Joint Contribution Committee Collection Policy & Procedures ("Joint Collection Policy") promulgated by the Plaintiffs' Trustees pursuant to the authority granted to them by the Master Agreement and/or Trust Agreements, interest on unpaid or untimely paid fringe benefit contributions shall be calculated at 8% per annum. The Joint Collection Policy also provides that liquidated damages shall be assessed at 10% of unpaid or untimely paid contributions.

24. Pursuant to the Master Agreement, related Trust Agreements, Joint Collection Policy, and section 502(g)(2)(C) of ERISA [29 U.S.C. § 1132(g)(2)(C)],

Wilco owes Plaintiffs liquidated damages in amounts currently unknown to Plaintiffs that will be established by proof.

25. Pursuant to the Master Agreement, related Trust Agreements, Joint Collection Policy, and section 502(g)(2)(B) of ERISA [29 U.S.C. § 1132(g)(2)(B)], Wilco owes Plaintiffs interest calculated at 8% per annum from the respective due dates on all unpaid or untimely paid fringe benefit contributions. The exact amount of interest owed by Wilco to Plaintiffs will be established by proof.

26. By the Master Agreement and related Trust Agreements, Wilco agreed to pay Plaintiffs all legal costs and audit costs in connection with the collection of any delinquency, whether incurred before or after litigation is commenced.

27. It has been necessary for Plaintiffs to engage legal counsel for the purpose of collecting said contributions and damages, and Plaintiffs are entitled to their reasonable attorneys' fees in connection therewith pursuant to the Master Agreement, Trust Agreements, Joint Collection Policy, and section 502(g)(2)(D) of ERISA [29 U.S.C. § 1132(g)(2)(D)]. The exact amount of the legal fees due and payable has not been ascertained at this time. These amounts shall be established by proof.

28. Plaintiffs will also incur additional audit costs once the records and information necessary to conduct the audit are obtained. These amounts shall be established by proof.

29. Pursuant to section 502(g)(2)(E) of ERISA [29 U.S.C. § 1132(g)(2)(E)], the Court may grant such other legal or equitable relief as the Court deems appropriate. As part of Plaintiffs' judgment, Plaintiffs shall request the Court to:

   A. Order Wilco to post and deliver either a good faith deposit, or a performance bond issued in favor of Plaintiffs in an amount determined by the Court to be appropriate, and

   B. Order the creation of a constructive trust on all applicable property and order the transfer of the applicable property to Plaintiffs, and

///

C.    Order Wilco to pay to Plaintiffs all amounts due to Plaintiffs, including, but not limited to, the unpaid contributions, other damages for breach of contract, legal fees, audit costs, and other expenses and damages incurred.

## PRAYER

**WHEREFORE**, Plaintiffs pray for judgment against Wilco as follows:

1. For unpaid fringe benefit contributions in amounts as proved;
2. For liquidated damages in amounts as proved;
3. For interest in amounts as proved;
4. For audit costs in amounts as proved;
5. For reasonable attorneys' fees and costs of suit incurred, in amounts as proved;
6. For such additional relief as this Court deems just and proper, including, but not limited to, the following:

    6.1    An Order for the creation of a constructive trust on all applicable property, and an Order for the transfer of the applicable property to Plaintiffs;

    6.2    For a good faith deposit or performance bond in favor of Plaintiffs in an amount equal to the total amount determined by this Court to be due to Plaintiffs, as proved; and

    6.3    An Order directing Wilco to permit the Plaintiffs' auditor access to the wage and payroll books and records of Wilco necessary to verify the precise amounts owed by Wilco to the Plaintiffs for the time period of December 10, 2018, through present. Said documents would include the following documents: monthly contribution reports, payroll records, certified payroll records, time cards, payroll registers, form 1099's and 1096's, form W-2 and W-3 wage and tax statements, form DE-9's, accounts receivable listings, cash disbursement journals, job cost records, vendor invoices, subcontracts, cash receipts journals, quarterly federal and state payroll tax returns, payroll records for related companies, employer contributions reports and cancelled checks regarding contributions owed/paid to other trust funds, detailed

worker's compensation insurance reports, and any other books and records that may be necessary in order to determine the sums owed by Wilco to the Plaintiffs.

Dated:  October 2, 2019

Respectfully Submitted,

LAQUER URBAN CLIFFORD & HODGE LLP

By: */s/ Michael Y. Jung*
MICHAEL Y. JUNG
Counsel for Plaintiffs, Trustees of the Operating Engineers Pension Trust, et al.

## **WAIVER OF JURY TRIAL**

Plaintiffs hereby waive a jury trial in this action.

Dated:  October 2, 2019

Respectfully Submitted,

LAQUER URBAN CLIFFORD & HODGE LLP

By: */s/ Michael Y. Jung*
MICHAEL Y. JUNG
Counsel for Plaintiffs, Trustees of the Operating Engineers Pension Trust, et al.